OF THE

## STATE OF MISSOURI

AT THE

### OCTOBER TERM, 1908.

---

## THE STATE v. JOHN HAYES, Appellant.

**Division Two, November 24, 1908.**

**LARCENY: In Nighttime: Money.** Mueller had in his right hip pocket his watch and three ten-dollar bills and one five-dollar bill, United States greenbacks. Defendant tried to throw open Mueller's overcoat, and put his hand into the pocket containing the watch and money, and just then a detective took hold of defendant while his hand was yet in Mueller's pocket, and by reason of this interference defendant failed in his attempt to steal the property. *Held,* that the evidence was sufficient to support the verdict finding defendant guilty of an attempted larceny in the nighttime of money from Mueller.

Appeal from St. Louis City Circuit Court.—*Hon. Geo. H. Williams,* Judge.

AFFIRMED.

214 Sup.]                  (230)

*Herbert S. Hadley,* Attorney-General, and *F. G. Ferris,* Assistant Attorney-General, for the State.

(1)  The instructions given by the court cover all the questions of law arising in the case which were necessary for the information of the jury in giving their verdict, presenting the case in all of its features fairly, and were sufficient under the law.  State v. Smith, 190 Mo. 727.  (2)  Defendant does not object to the instructions given for any error in them, but his sole complaint is that they do not go far enough to cover all of the law applicable to the case.  Defendant excepted to the instructions "as not containing all the law of the case."  Therefore, so far as the instructions given are concerned, they were given without objection made or exception saved by defendant, and cannot be complained of by him now.  State v. Foister, 202 Mo. 46; State v. McCarver, 194 Mo. 717; State v. Espenschied, 212 Mo. 215.  Defendant's point raised in his motion for a new trial, to the effect that there was no evidence of the value of the property he was alleged to have attempted to steal from the person, is not well taken.  The evidence showed that a part of such property consisted of $35 in money of the United States, in the form of greenbacks, three ten-dollar bills and one five-dollar bill, and that it was received and paid out as such in the usual course of business.  This much having been proved, no other evidence as to the value of the money was necessary.  Proof of the value of money is not necessary, as money is the measure of value.  Courts take judicial notice of the value of United States money, and the genuineness of money may be proved by showing that it circulated as genuine.  State v. Moseley, 38 Mo. 380; 4 Elliott on Evidence, sec. 3135; Kelley's Crim. Prac. (2 Ed.), sec. 648, p. 434; 1 Wharton's Criminal Law (10 Ed.), sec. 955, p. 821; McCarty v. State, 127 Ind. 223; Turner v. State, 124 Ala. 59; State v. Brown, 113 N. C. 645;

R. S. 1899, sec. 2531. (3) The verdict is sufficient. State v. McGee, 188 Mo. 401. (4) The evidence adduced clearly and unquestionably proved every essential element of the crime of attempted larceny from the person in the nighttime.

BURGESS, J.—On December 2, 1907, the defendant was convicted in the circuit court of the city of St. Louis of the crime of attempted larceny in the nighttime of money from one Solomon Mueller, and his punishment fixed at imprisonment for the term of two years in the penitentiary, under an information duly filed by the assistant circuit attorney charging the defendant with said offense. Defendant appeals and assigns error. The facts are substantially as follows:

On the night of October 1, 1907, between eight and nine o'clock, Solomon Mueller was standing at the southeast corner of Washington avenue and Broadway, in said city, witnessing the Veiled Prophets' parade. He had on his person, and owned, a gold watch, chain and charm, and thirty-five dollars in money—three ten-dollar bills and one five-dollar bill. He was surrounded by a surging and jostling crowd, and hearing a policeman warn the people against pickpockets, Mueller put his watch, chain and charm in his left pants pocket, and his pocketbook, containing his money, in his right hip pocket. Soon thereafter, he noticed the defendant, who was pressing hard against him, trying to throw open his coat, as if to get at his watch pocket. The defendant moved around and behind Mueller, and put his hands in the pockets containing said watch and money. James H. Smith, chief of detectives of the city of St. Louis, who was observing the actions of the defendant, reached and took hold of the defendant while his hands were yet in Mueller's pockets, and prevented him from extracting anything

therefrom.   By reason of the interference of the officer, the defendant failed in his attempt to steal the property of Mueller.   In his testimony, Mueller described the money which he had on his person at the time as thirty-five dollars in greenbacks, three ten-dollar bills and a five-dollar bill, United States money. Defendant offered no evidence, nor is he represented in this court.

Several grounds for a new trial are assigned in defendant's motion therefor, but a careful examination of them shows that they are entirely without merit. The evidence establishes defendant's guilt beyond any and all doubt; in fact, it is all one way.   He had a fair and impartial trial, and there being no merit in this appeal, the judgment is affirmed.   All concur.